UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE,<br><br>  Defendant. | Civil Action No. 25-3559 (TJK) |

## ANSWER TO AMENDED COMPLAINT

Defendants, the Department of Justice and its component, the Federal Bureau of Investigation ("FBI"), by and through the undersigned counsel, respectfully submit the following Answer to Plaintiff's Frist Amended Complaint, in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action. *See* ECF No. 5.

Defendants respond to the separately numbered paragraphs (as numbered by Plaintiff) and prayer for relief contained in the Amended Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete content; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendants respond to the Amended Complaint in like numbered paragraphs as follows:

# FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF[1]

For the Plaintiff's initial – not numbered – paragraph, the Department admits that it is an agency of the United States Government, and the FBI admits it is a component of the Department of Justice, and both admit that they are subject to the requirements of the FOIA. The remainder of the initial paragraph consists of allegations and legal conclusions to which no response is required.

## Jurisdiction and Venue

1. This paragraph contains legal conclusions concerning jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that the Court has jurisdiction over this matter subject to the terms and limitations of the FOIA.

2. This paragraph consists of legal conclusions concerning venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this District.

## Parties

3. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendant Department admits that it is an agency of the United States Government headquartered in Washington, D.C. The remainder of the allegations in this paragraph consist of legal conclusions to which no response is required.

5. Defendants FBI admits that it is a component of the Department of Justice and is headquartered in Washington, D.C. The remainder of the allegations in this paragraph consist of legal conclusions to which no response is required.

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

6. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records

sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

10. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the

extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14. This paragraph contains a description of this action to which no response is required. To the extent a response is deemed required, Defendants admit that they received the request for information. Defendants aver that document is the best evidence of its content and respectfully refers this Court to that document for a complete and accurate statement of its content.

15. This paragraph contains a description of a document the Plaintiff submitted to the Defendants to which no response is required. To the extent a response is deemed required, Defendants admit that they received the document. Defendants aver that document is the best evidence of its content and respectfully refers this Court to that document for a complete and accurate statement of its content.

16. This paragraph contains a description of a document the Plaintiff submitted to the Defendants to which no response is required. To the extent a response is deemed required, Defendants admit that they received the document. Defendants aver that document is the best

evidence of its content and respectfully refers this Court to that document for a complete and accurate statement of its content.

17. This paragraph contains a description of a document the Plaintiff submitted to the Defendants to which no response is required. To the extent a response is deemed required, Defendants admit that they received the document. Defendants aver that document is the best evidence of its content and respectfully refers this Court to that document for a complete and accurate statement of its content.

18. Admit.

19. Admit.

20. Admit.

21. Defendants admit that they have not provided any records to Plaintiff as of the date Plaintiff filed the Amended Complaint.

22. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit only that Plaintiff submitted a FOIA request on September 22, 2025, and it filed its Complaint fourteen days later, on October 6, 2025; and that Plaintiff's submitted its request for expedited processing on September 25, 2025, eleven days before it filed its Complaint.

## CLAIMS FOR RELIEF

**Count 1 (Violation of FOIA, 5 U.S.C. § 552, Failure to Grant Expedited Processing, Issue Determinations, and Produce Non-Exempt Records)**

23. Defendants incorporate by reference the foregoing paragraphs as though fully set forth herein.

24.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## **REQUEST FOR RELIEF**

The remainder of the Amended Complaint, including sub-paragraphs 1 through 6, contains Plaintiff's requested relief to which no response is required. Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### **First Defense**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA, 5 U.S.C. § 552.

### **Second Defense**

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

### **Third Defense**

Plaintiff is not entitled to compel production of any records, including portions of records that are not reasonably segregable, that may be protected from disclosure by one or more statutory exemptions. See 5 U.S.C. § 552(b).

**Fourth Defense**

Plaintiff is not entitled to production of records protected from disclosure under the FOIA the release of which is precluded disclosure by a FOIA exclusion or would foreseeably harm an interest a FOIA exemption protects.

**Fifth Defense**

FOIA does not provide for declaratory relief against a federal agency.

**Sixth Defense**

Plaintiff is neither eligible for nor entitled to attorney fees and costs.

**Seventh Defense**

To the extent the Amended Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

\*   \*   \*

Dated: December 5, 2025
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ John J. Bardo*
JOHN J. BARDO, D.C. Bar #1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2539

*Attorneys for the United States of America*