IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,

*PLAINTIFF*,

V.

CIVIL ACTION NO. 1:25-CV-3559 (TJK)

UNITED STATES DEPARTMENT OF
JUSTICE AND FEDERAL BUREAU OF
INVESTIGATION,

*DEFENDANTS*.

# EXHIBIT A

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2025-09-22T18:53:40.672536+00:00 Status: sent Message:

## Organization Representative Information

**Organization Name**   Democracy Forward Foundation

**Prefix**

**First Name**   Skye

**Middle Name**

**Last Name**   Perryman

**Suffix**

**Email**   foia@democracyforward.org

**Phone**   2024489090

**Location**   United States

## Domestic Address

**Address Line 1**   P.O. Box 34553



**Address Line 2**  N/A

**City**  Washington

**State**  District of Columbia

**Postal**  20043

## Agreement to Pay

**How you will pay**  I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below.

**Allow up to $**  50

## Proof Of Affiliation for Fee Waiver

**Waiver Explanation**  See document attached.

**Documentation Files**  DFF-DOJ-FBI-25-1308-1.pdf

# Non-Individual FOIA Request

**Request Information**

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Democracy Forward Foundation submits this request for records.

The Department of Justice ("DOJ") and the Federal Bureau of Investigations ("FBI") have recently officially acknowledged that it closed an investigation into "Border Czar" Tom Homan, which was launched in the summer of 2024, that looked into allegations that Homan was soliciting payments in exchange for potential action in the future if President Trump won the 2024 election and appointed Homan to serve in his administration. Democracy Forward Foundation seeks one specific record created during the investigation: a video recording of an exchange between FBI agents and Horman in 2024. The requested record is not exempt from production, as the administration has acknowledged the existence of the investigation itself and has noted that it is now closed.

Democracy Forward Foundation ("DFF") requests that the Federal Bureau of Investigations ("FBI") produce the following within twenty (20) business days:

The video recording of the meeting on or around September 20, 2024 in Texas between undercover FBI agents and Tom Homan.

Public reporting makes clear that there are investigation files related to the Homan matter, and these are appropriate locations to search for responsive records. Additionally, reporting indicates that Justice Department leadership, including former acting Deputy Attorney General Emil Bove, was briefed on the Homan investigation in the early days of this administration.

Democracy Forward Foundation expects this request for one readily identifiable record regarding a high-profile matter will be assigned to the Simple processing track and processed expeditiously.

The timeframe for the above search should be for records created from September 1, 2024 until the date of the search. However, despite this long time frame, the responsive records have likely been reviewed since January 20, 2025.

**

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

**

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----

# DEMOCRACY FORWARD ➤

September 22, 2025

**VIA Electronic Delivery**

Department of Justice
Criminal Division
950 Constitution Ave NW
Washington, DC 20530-0001
Via online portal

Department of Justice
Office of Information Policy
Andrew Fiorillo, Acting Chief
441 G St, NW, 6th Floor
Washington, DC 20530
Via online portal

Department of Justice
Executive Office for United States
Attorneys
Arla Witte-Simpson, FOIA Public Liaison
175 N Street, NE, Suite 5.400
Washington, DC 20530
Via online portal

Federal Bureau of Investigation
Attn: Initial Processing Operations Unit
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602
Via online portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Democracy Forward Foundation submits this request for records.

The Department of Justice ("DOJ") and the Federal Bureau of Investigations ("FBI") have recently officially acknowledged that it closed an investigation into "Border Czar" Tom Homan, which was launched in the summer of 2024, that looked into allegations that Homan was soliciting payments in exchange for potential action in the future if President Trump won the 2024 election and appointed Homan to serve in his administration.[1] Democracy Forward Foundation seeks one specific record created during the investigation: a video recording of an exchange between FBI agents and Homan in 2024. The requested record is not exempt from production, as the administration has acknowledged the existence of the investigation itself and has noted that it is now closed.

---

[1] Katherine Faulders, Mike Levine, Luke Barr, and Alexander Mallin, *DOJ Ended Probe of 'Border Czar' Tom Homan for Allegedly Acception $50K in FBI Sting: Sources*, ABC News (Sep. 21, 2025), https://abcnews.go.com/Politics/doj-ended-probe-border-czar-tom-homan-allegedly/story?id=125781386; Carol Leonnig and Ken Dilanian, *Tom Homan Was Investigated for Accepting $50,000 From Undercover FBI Agents. Trump's DOJ Shut It Down*, MSNBC (Sep. 20, 2025), https://www.msnbc.com/msnbc/news/tom-homan-cash-contracts-trump-doj-investigation-rcna232568.

DFF-DOJ-FBI-25-1308

*Records Requested*

Democracy Forward Foundation ("DFF") requests that the Federal Bureau of Investigations ("FBI") produce the following within twenty (20) business days:

> The video recording of the meeting on or around September 20, 2024 in Texas between undercover FBI agents and Tom Homan.[2]

Public reporting makes clear that there are investigation files related to the Homan matter, and these are appropriate locations to search for responsive records. Additionally, reporting indicates that Justice Department leadership, including former acting Deputy Attorney General Emil Bove, was briefed on the Homan investigation in the early days of this administration.

Democracy Forward Foundation expects this request for one readily identifiable record regarding a high-profile matter will be assigned to the Simple processing track and processed expeditiously.

The timeframe for the above search should be for records created from September 1, 2024 until the date of the search. However, despite this long time frame, the responsive records have likely been reviewed since January 20, 2025.

*Scope of Search*

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated. *See* 5 U.S.C. § 552(b). Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

---

[2] Leonnig and Dilanian, *Id*; Ben Johansen, *Border Czar Tom Homan Was Investigated By DOJ For Potential Bribery, MSNBC Reports*, Politico (Sep. 20, 2025), https://www.politico.com/news/2025/09/20/tom-homan-department-of-justice-investigation-00574379; Maya Yang and Robert Mackey, *Trump 'Border Czar' Tom Homan Reportedly Accepted $50,000 in Cash From Undercover FBI Agents*, The Guardian (Sep. 20, 2025), https://www.theguardian.com/us-news/2025/sep/20/tom-homan-undercover-fbi-agents.

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the appropriate entity.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format. However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i). If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. § 552(a)(4)(A)(viii)(I).

**Request for Fee Waiver**

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, DFF requests a waiver of all fees associated with processing records for this request. FOIA requires documents to be furnished to requesters at no fee or reduced fees "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A).

In determining whether a fee waiver is appropriate, courts consider whether a requester has a "demonstrated . . . ability to disseminate the requested information," *Cause of Action v. F.T.C.*, 799 F.3d 1108, 1116-17 (D.C. Cir. 2015), and whether the requester regularly disseminates records obtained through FOIA to "a reasonably broad audience of persons interested in the subject" of its work. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814-15 (2d Cir. 1994). FOIA does not require a requester to describe exactly how it intends to disseminate the information requested, as that would require "pointless specificity"; all that is necessary is for a requester to adequately demonstrate its "ability to publicize disclosed information." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003). In evaluating a fee waiver request, courts consider how a requester actually communicates information collected through FOIA to the public, including press releases or a website where documents received are made available, *see id.*, or whether the requester has a history of "contacts with any major news[] companies" that suggest an ability to disseminate materials of interest through the press. *Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (upholding a denial of a fee waiver to a requester who had failed to identify his relationships with newspaper companies that could disseminate documents).

DFF-DOJ-FBI-25-1308

The requested waiver is in the public interest because providing the copy of the information sought primarily benefits the general public. Democracy Forward Foundation has a demonstrated ability to disseminate information of public interest requested through freedom of information statutes, and based upon responses to this request may assist in publicizing records received to contribute to the public's understanding of the closed case against "Border Czar" Tom Homan and his acceptance of bribes relating to his potential role in the Trump administration pending the results of the election. The records sought will also show the extent of an agency official taking funds in order to potentially direct government contracts to specific groups. Indeed, records received by Democracy Forward Foundation have previously formed the basis of news reports.[3]

---

[3] *See, e.g.*, Alexander Nazaryan, *Why did right-wing troll Charles C. Johnson meet with Commerce Secretary Wilbur Ross?*, Yahoo News (May 14, 2019), https://news.yahoo.com/why-did-rightwing-troll-charles-c-johnson-want-to-meet-with-commerce-secretary-wilbur-ross-090000636.html; Derek Kravitz and Jack Gillum, *"Happy to Do It": Emails Show Current FAA Chief Coordinated With Ex-Lobbyist Colleagues on Policy*, ProPublica (Mar. 27, 2019), https://www.propublica.org/article/dan-elwell-current-faa-chief-coordinated-with-ex-lobbyist-colleagues-on-policy; Hamid Aleaziz, *Emails Show US Border Officials Didn't Receive "Zero Tolerance" Guidance Until After the Policy Was Enacted*, Buzzfeed News (Feb. 28, 2019), https://www.buzzfeednews.com/article/hamedaleaziz/zero-tolerance-policy-guidance-dhs-family-separation; Jonathan Cohn and Jeffrey Young, *Emails Show Trump Administration Was Told Obamacare Ad Cuts Could Hurt Enrollment*, Huffpost (Dec. 17, 2018), https://www.huffingtonpost.com/entry/trump-verma-obamacare-advertising-cut_us_5c115061e4b084b082ff8dba; Madison Pauly, *When the Biggest Prison Company Complained About a California Sanctuary Law, ICE Listened*, Mother Jones (Dec. 7, 2018), https://www.motherjones.com/politics/2018/12/geo-memo-private-prison-california-immigration/; Eliza Rellman, *'Just answer the question and kill this story': In internal emails, Heather Nauert criticized Rex Tillerson's refusal to deny reports that he called Trump a 'moron,'* Business Insider (Nov. 2, 2018), https://www.businessinsider.com/heather-nauert-rex-tillerson-trump-moron-2018-11; Rebecca Klein, *Lawsuit Accuses Betsy DeVos And Her Deputies Of Being Motivated By Sexism*, HuffPost (Oct. 31, 2018), https://m.huffpost.com/us/entry/us_5bd9ff6ee4b01abe6a1ad4a9; Nick Penzenstadler, *A year after Vegas shooting, ATF emails reveal blame, alarm over bump stocks*, USA Today (Oct. 1, 2018), https://www.usatoday.com/story/news/2018/10/01/year-after-vegas-shooting-atf-emails-reveal-blame-alarm-over-bump-stocks/1432137002/; Jessica Kwong, *Ivanka Trump was more than complicit in Obama equal pay rollback-she had a hand in it, watchdog alleges*, Newsweek (Aug. 29, 2018), https://www.newsweek.com/ivanka-trump-equal-pay-complicit-obama-1093833; Vera Bergengruen, *New Emails Show What Happens When The Pentagon Has To Scramble To Catch Up To Trump*, Buzzfeed News (July 25, 2018), https://www.buzzfeednews.com/article/verabergengruen/these-emails-show-what-happens-when-the-white-house-keeps; Erin Dooley, *Exclusive: Former for-profit college executive shaped Education Department policy that could benefit former employers: Documents*, ABC News (May 15, 2017), https://abcnews.go.com/US/exclusive-profit-college-executive-shaped-education-department-policy/story?id=55108981; Heidi Przybyla, *Notes, emails reveal Trump appointees' war to end HHS teen pregnancy program*, NBC News (Mar. 20, 2018), https://www.nbcnews.com/politics/politics-news/notes-emails-reveal-trump-appointees-war-end-hhs-teen-pregnancy-n857686; Dominic Holden, *Documents Show The Trump Administration Approved Bump Stocks Before It Opposed Them*, Buzzfeed News (Mar. 22, 2018), https://www.buzzfeednews.com/article/dominicholden/trump-administration-bump-stocks; Bernard Condon, *Trump Advisor Denies He Cheered End of Tunnel Funding Deal*, Associated Press (Feb. 13, 2018), *available at* https://www.usnews.com/news/business/articles/2018-02-13/trump-adviser-denies-he-cheered-end-of-tunnel-funding-deal; Celeste Katz, *Interior Department tapped wildfire preparedness funds for Ryan Zinke helicopter tour*, Newsweek (Dec. 29, 2017), https://www.newsweek.com/ryan-zinke-interior-department-helicopters-wildfires-757857.

DFF-DOJ-FBI-25-1308

Democracy Forward Foundation is not filing this request to further any commercial interest, and any information obtained by Democracy Forward Foundation as a result of this request and disclosed will be disclosed at no cost.

If the request for a waiver is denied, we are willing to pay all reasonable fees incurred for searching and duplicating records in responding to this request, up to $50. If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

*Conclusion*

If you need clarification as to the scope of the request, have any questions, or foresee any obstacles to releasing fully the requested records within 20 business days, please contact me as soon as possible at foia@democracyforward.org.

We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

DFF-DOJ-FBI-25-1308

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,

*PLAINTIFF*,

V.

CIVIL ACTION NO. 1:25-CV-3559 (TJK)

UNITED STATES DEPARTMENT OF JUSTICE
AND FEDERAL BUREAU OF INVESTIGATION,

*DEFENDANTS.*

# EXHIBIT B

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2025-09-22T19:51:38.665375+00:00 Status: sent Message:

## Organization Representative Information

| Field | Value |
|---|---|
| Organization Name | Democracy Forward Foundation |
| Prefix | |
| First Name | Skye |
| Middle Name | |
| Last Name | Perryman |
| Suffix | |
| Email | foia@democracyforward.org |
| Phone | 2024489090 |
| Location | United States |

## Domestic Address

| Field | Value |
|---|---|
| Address Line 1 | P.O. Box 34553 |



**Address Line 2**  N/A

**City**  Washington

**State**  District of Columbia

**Postal**  20043

## Agreement to Pay

**How you will pay**  I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below.

**Allow up to $**  50

## Proof Of Affiliation for Fee Waiver

**Waiver Explanation**  See document attached.

**Documentation Files**  DFF-DOJ-FBI-25-1308-1.pdf

# Non-Individual FOIA Request

**Request Information**

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Democracy Forward Foundation submits this request for records.

The Department of Justice ("DOJ") and the Federal Bureau of Investigations ("FBI") has recently officially acknowledged that it closed an investigation into "Border Czar" Tom Homan, which was launched in the summer of 2024, that looked into allegations that Homan was soliciting payments in exchange for potential action in the future if President Trump won the 2024 election and appointed Homan to serve in his administration. Democracy Forward Foundation seeks one specific record created during the investigation: a video recording of an exchange between FBI agents and Horman in 2024. The requested record is not exempt from production, as the administration has acknowledged the existence of the investigation itself and has noted that it is now closed.

Records Requested

Democracy Forward Foundation ("DFF") requests that the the Federal Bureau of Investigations ("FBI") produce the following within twenty (20) business days:

Any recording (either video or audio) of the meeting on or around September 20, 2024 in Texas between undercover FBI agents and Tom Homan.

Public reporting makes clear that there are investigation files related to the Homan matter, and these are appropriate locations to search for responsive records. Additionally, reporting indicates that Justice Department leadership, including former acting Deputy Attorney General Emil Bove, were briefed on the Homan investigation in the early days of this administration.

Democracy Forward Foundation expects this request for one readily identifiable record regarding a high-profile matter will be assigned to the Simple processing track and processed expeditiously.

The timeframe for the above search should be for records created from September 1, 2024 until the date of the search. However, despite this long time frame, the responsive records have likely been reviewed since January 20, 2025.

\*\*

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

\*\*

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----



September 22, 2025

**VIA Electronic Delivery**

Department of Justice
Criminal Division
950 Constitution Ave NW
Washington, DC 20530-0001
Via online portal

Department of Justice
Office of Information Policy
Andrew Fiorillo, Acting Chief
441 G St, NW, 6th Floor
Washington, DC 20530
Via online portal

Department of Justice
Executive Office for United States
Attorneys
Arla Witte-Simpson, FOIA Public Liaison
175 N Street, NE, Suite 5.400
Washington, DC 20530
Via online portal

Federal Bureau of Investigation
Attn: Initial Processing Operations Unit
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602
Via online portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Democracy Forward Foundation submits this request for records.

The Department of Justice ("DOJ") and the Federal Bureau of Investigations ("FBI") has recently officially acknowledged that it closed an investigation into "Border Czar" Tom Homan, which was launched in the summer of 2024, that looked into allegations that Homan was soliciting payments in exchange for potential action in the future if President Trump won the 2024 election and appointed Homan to serve in his administration.[1] Democracy Forward Foundation seeks one specific record created during the investigation: a video recording of an exchange between FBI agents and Homan in 2024. The requested record is not exempt from production, as the administration has acknowledged the existence of the investigation itself and has noted that it is now closed.

---

[1] Katherine Faulders, Mike Levine, Luke Barr, and Alexander Mallin, *DOJ Ended Probe of 'Border Czar' Tom Homan for Allegedly Acception $50K in FBI Sting: Sources*, ABC News (Sep. 21, 2025), https://abcnews.go.com/Politics/doj-ended-probe-border-czar-tom-homan-allegedly/story?id=125781386; Carol Leonnig and Ken Dilanian, *Tom Homan Was Investigated for Accepting $50,000 From Undercover FBI Agents. Trump's DOJ Shut It Down*, MSNBC (Sep. 20, 2025), https://www.msnbc.com/msnbc/news/tom-homan-cash-contracts-trump-doj-investigation-rcna232568.

DFF-DOJ-FBI-25-1308

## Records Requested

Democracy Forward Foundation ("DFF") requests that the the Federal Bureau of Investigations ("FBI") produce the following within twenty (20) business days:

> Any recording (either video or audio) of the meeting on or around September 20, 2024 in Texas between undercover FBI agents and Tom Homan.[2]

Public reporting makes clear that there are investigation files related to the Homan matter, and these are appropriate locations to search for responsive records. Additionally, reporting indicates that Justice Department leadership, including former acting Deputy Attorney General Emil Bove, were briefed on the Homan investigation in the early days of this administration.

Democracy Forward Foundation expects this request for one readily identifiable record regarding a high-profile matter will be assigned to the Simple processing track and processed expeditiously.

The timeframe for the above search should be for records created from September 1, 2024 until the date of the search. However, despite this long time frame, the responsive records have likely been reviewed since January 20, 2025.

## Scope of Search

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated. *See* 5 U.S.C. § 552(b). Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

---

[2] Leonnig and Dilanian, *Id*; Ben Johansen, *Border Czar Tom Homan Was Investigated By DOJ For Potential Bribery, MSNBC Reports*, Politico (Sep. 20, 2025), https://www.politico.com/news/2025/09/20/tom-homan-department-of-justice-investigation-00574379; Maya Yang and Robert Mackey, *Trump 'Border Czar' Tom Homan Reportedly Accepted $50,000 in Cash From Undercover FBI Agents*, The Guardian (Sep. 20, 2025), https://www.theguardian.com/us-news/2025/sep/20/tom-homan-undercover-fbi-agents.

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the appropriate entity.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format. However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i). If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. § 552(a)(4)(A)(viii)(I).

**<u>Request for Fee Waiver</u>**

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, DFF requests a waiver of all fees associated with processing records for this request. FOIA requires documents to be furnished to requesters at no fee or reduced fees "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A).

In determining whether a fee waiver is appropriate, courts consider whether a requester has a "demonstrated . . . ability to disseminate the requested information," *Cause of Action v. F.T.C.*, 799 F.3d 1108, 1116-17 (D.C. Cir. 2015), and whether the requester regularly disseminates records obtained through FOIA to "a reasonably broad audience of persons interested in the subject" of its work. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814-15 (2d Cir. 1994). FOIA does not require a requester to describe exactly how it intends to disseminate the information requested, as that would require "pointless specificity"; all that is necessary is for a requester to adequately demonstrate its "ability to publicize disclosed information." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003). In evaluating a fee waiver request, courts consider how a requester actually communicates information collected through FOIA to the public, including press releases or a website where documents received are made available, *see id.*, or whether the requester has a history of "contacts with any major news[] companies" that suggest an ability to disseminate materials of interest through the press. *Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (upholding a denial of a fee waiver to a requester who had failed to identify his relationships with newspaper companies that could disseminate documents).

DFF-DOJ-FBI-25-1308

The requested waiver is in the public interest because providing the copy of the information sought primarily benefits the general public. Democracy Forward Foundation has a demonstrated ability to disseminate information of public interest requested through freedom of information statutes, and based upon responses to this request may assist in publicizing records received to contribute to the public's understanding of the closed case against "Border Czar" Tom Homan and his acceptance of bribes relating to his potential role in the Trump administration pending the results of the election. The records sought will also show the extent of an agency official taking funds in order to potentially direct government contracts to specific groups. Indeed, records received by Democracy Forward Foundation have previously formed the basis of news reports.[3]

---

[3] *See, e.g.*, Alexander Nazaryan, *Why did right-wing troll Charles C. Johnson meet with Commerce Secretary Wilbur Ross?*, Yahoo News (May 14, 2019), https://news.yahoo.com/why-did-rightwing-troll-charles-c-johnson-want-to-meet-with-commerce-secretary-wilbur-ross-090000636.html; Derek Kravitz and Jack Gillum, *"Happy to Do It": Emails Show Current FAA Chief Coordinated With Ex-Lobbyist Colleagues on Policy*, ProPublica (Mar. 27, 2019), https://www.propublica.org/article/dan-elwell-current-faa-chief-coordinated-with-ex-lobbyist-colleagues-on-policy; Hamid Aleaziz, *Emails Show US Border Officials Didn't Receive "Zero Tolerance" Guidance Until After the Policy Was Enacted*, Buzzfeed News (Feb. 28, 2019), https://www.buzzfeednews.com/article/hamedaleaziz/zero-tolerance-policy-guidance-dhs-family-separation; Jonathan Cohn and Jeffrey Young, *Emails Show Trump Administration Was Told Obamacare Ad Cuts Could Hurt Enrollment*, Huffpost (Dec. 17, 2018), https://www.huffingtonpost.com/entry/trump-verma-obamacare-advertising-cut_us_5c115061e4b084b082ff8dba; Madison Pauly, *When the Biggest Prison Company Complained About a California Sanctuary Law, ICE Listened*, Mother Jones (Dec. 7, 2018), https://www.motherjones.com/politics/2018/12/geo-memo-private-prison-california-immigration/; Eliza Rellman, *'Just answer the question and kill this story': In internal emails, Heather Nauert criticized Rex Tillerson's refusal to deny reports that he called Trump a 'moron,'* Business Insider (Nov. 2, 2018), https://www.businessinsider.com/heather-nauert-rex-tillerson-trump-moron-2018-11; Rebecca Klein, *Lawsuit Accuses Betsy DeVos And Her Deputies Of Being Motivated By Sexism*, HuffPost (Oct. 31, 2018), https://m.huffpost.com/us/entry/us_5bd9ff6ee4b01abe6a1ad4a9; Nick Penzenstadler, *A year after Vegas shooting, ATF emails reveal blame, alarm over bump stocks*, USA Today (Oct. 1, 2018), https://www.usatoday.com/story/news/2018/10/01/year-after-vegas-shooting-atf-emails-reveal-blame-alarm-over-bump-stocks/1432137002/; Jessica Kwong, *Ivanka Trump was more than complicit in Obama equal pay rollback-she had a hand in it, watchdog alleges*, Newsweek (Aug. 29, 2018), https://www.newsweek.com/ivanka-trump-equal-pay-complicit-obama-1093833; Vera Bergengruen, *New Emails Show What Happens When The Pentagon Has To Scramble To Catch Up To Trump*, Buzzfeed News (July 25, 2018), https://www.buzzfeednews.com/article/verabergengruen/these-emails-show-what-happens-when-the-white-house-keeps; Erin Dooley, *Exclusive: Former for-profit college executive shaped Education Department policy that could benefit former employers: Documents*, ABC News (May 15, 2017), https://abcnews.go.com/US/exclusive-profit-college-executive-shaped-education-department-policy/story?id=55108981; Heidi Przybyla, *Notes, emails reveal Trump appointees' war to end HHS teen pregnancy program*, NBC News (Mar. 20, 2018), https://www.nbcnews.com/politics/politics-news/notes-emails-reveal-trump-appointees-war-end-hhs-teen-pregnancy-n857686; Dominic Holden, *Documents Show The Trump Administration Approved Bump Stocks Before It Opposed Them*, Buzzfeed News (Mar. 22, 2018), https://www.buzzfeednews.com/article/dominicholden/trump-administration-bump-stocks; Bernard Condon, *Trump Advisor Denies He Cheered End of Tunnel Funding Deal*, Associated Press (Feb. 13, 2018), *available at* https://www.usnews.com/news/business/articles/2018-02-13/trump-adviser-denies-he-cheered-end-of-tunnel-funding-deal; Celeste Katz, *Interior Department tapped wildfire preparedness funds for Ryan Zinke helicopter tour*, Newsweek (Dec. 29, 2017), https://www.newsweek.com/ryan-zinke-interior-department-helicopters-wildfires-757857.

Democracy Forward Foundation is not filing this request to further any commercial interest, and any information obtained by Democracy Forward Foundation as a result of this request and disclosed will be disclosed at no cost.

If the request for a waiver is denied, we are willing to pay all reasonable fees incurred for searching and duplicating records in responding to this request, up to $50. If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

### Conclusion

If you need clarification as to the scope of the request, have any questions, or foresee any obstacles to releasing fully the requested records within 20 business days, please contact me as soon as possible at foia@democracyforward.org.

We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

DFF-DOJ-FBI-25-1308

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,

*PLAINTIFF*,

V.                                                        CIVIL ACTION NO. 1:25-CV-3559 (TJK)

UNITED STATES DEPARTMENT OF JUSTICE
AND FEDERAL BUREAU OF INVESTIGATION,

*DEFENDANTS*.

# EXHIBIT C



September 25, 2025

**VIA Electronic Delivery**

Department of Justice
Criminal Division
950 Constitution Ave NW
Washington, DC 20530-0001
crm.foia@usdoj.gov

Department of Justice
Office of Information Policy
Andrew Fiorillo, Acting Chief
441 G St, NW, 6th Floor
Washington, DC 20530
DOJ.OIP.FOIA@usdoj.gov

Department of Justice
Executive Office for United States
Attorneys
Arla Witte-Simpson, FOIA Public Liaison
175 N Street, NE, Suite 5.400
Washington, DC 20530
USAEO.FOIA.Requests@usdoj.gov

Federal Bureau of Investigation
Attn: Initial Processing Operations Unit
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602
foipaquestions@fbi.gov

**RE: Request for <u>Expedited</u> Processing for Recently Submitted Requests**

To FOIA Officials:

Democracy Forward Foundation ("DFF") is writing to request the Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI") expedite the processing of the FOIA requests submitted on September 22, 2025 and attached herein in Appendix A. These requests seek any recording created during the meeting on or around September 20, 2024 in Texas between undercover FBI agents and Tom Homan.

DFF's requests merit expedited processing because: the requests concern a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence," *see* 28 C.F.R. § 16.5(e)(1)(iv).

## I. DFF's requests concern a matter attracting exceptional media interest in which there exist possible government integrity questions that affect public confidence.

To qualify for expedited processing under 28 C.F.R. § 16.5(e)(1)(iv), the Department of Justice has interpreted subsection (iv) to require that "the same matter that draws widespread and exceptional media interest must be the matter in which there exists possible questions about the

DFF-MULTI-DOJ-25-1305-1308

government's integrity that affect public confidence." *Am. Oversight v. U.S. Dep't of Just.*, 292 F. Supp. 3d 501, 506 (D.D.C. 2018). DFF's instant FOIA requests satisfy both criteria.

### A. DFF's requests concern a matter attracting widespread and exceptional media interest.

The focus of DFF's FOIA requests–the widely discussed investigation records that relate to the Tom Homan matter–has garnered extraordinary attention from the American public, Congress, and the press since it came to light only a few days ago.[1]

The DOJ and the FBI have recently officially acknowledged that it closed an investigation into "Border Czar" Tom Homan. After MSNBC, on September 20, 2025, reported that the FBI during an "undercover operation last year, … recorded Tom Homan, now the White House border czar, accepting $50,000 in cash after indicating he could help the agents – who were

---

[1] Relevant articles are provided in this footnote and additionally throughout this request. *See*, *e.g.*, Rebecca Beitsch, *Homan Sidesteps Question on Alleged $50,000 Payment Saying, 'I Did Nothing Criminal,'* The Hill (Sep. 23, 2025), https://thehill.com/homenews/administration/5517204-tom-homan-border-czar-50k-payment/; Isabelle D'Antonio, *Reports: Justice Department Closed Probe Into Trump's Border Czar, Tom Homan, for Accepting Bag of Cash*, CNN (Sep. 22, 2025), https://www.cnn.com/2025/09/20/politics/tom-homan-investigation-closed-nyt; Alanna Durkin Richer and Eric Tucker, *White House Backs 'Border Czar' Tom Homan After Reports He Accepted Cash During an Undercover FBI Probe Last Year*, PBS News (Sep. 22, 2025), https://www.pbs.org/newshour/amp/politics/white-house-backs-border-czar-tom-homan-after-reports-he-accepted-cash-during-an-undercover-fbi-probe-last-year; Ben Johansen, Border czar Tom Homan was investigated by DOJ for potential bribery, MSNBC reports, Politico (Sep. 20, 2025), https://www.politico.com/news/2025/09/20/tom-homan-department-of-justice-investigation-00574379; Rhian Lubin and Katie Hawkinson, *Trump's DOJ Shut Down Investigation Into Tom Homan After He Allegedly Accepted $50,000 From Undercover FBI Agents, Reports Claims*, The Independent (Sep. 20, 2025), https://www.the-independent.com/news/world/americas/us-politics/tom-homan-border-czar-bribery-investigation-b2830605.html; Sarah Lynch, *Trump Aide Homan Accepted $50,000 in Bribery Sting Operation, Sources Say*, Reuters (Sep. 22, 2025), https://www.reuters.com/world/us/trump-aide-homan-accepted-50000-bribery-sting-operation-sources-say-2025-09-21/; Mark Moran, *DOJ Closes Investigation Into Alleged Tom Homan Bribe*, UPI (Sep. 21, 2025), https://www.upi.com/Top_News/US/2025/09/21/homan-said-to-receive-5000-bribe/3561758479879/; Chris Nesi, *Justice Department Ends 'Baseless' Probe Into Trump Border Czar Tom Homan Over Alleged $50K Bribe in Cava Restaurant Bag*, New York Post (Sep. 22, 2025), https://nypost.com/2025/09/22/us-news/feds-end-probe-into-tom-homan-over-alleged-bribe-in-cava-bag/; Cameron Peters, *Did Trump's Deportation Czar Accept $50K In Cash?* VOX (Sep. 22, 2025), https://www.vox.com/the-logoff-newsletter-trump/462336/tom-homan-border-czar-doj-fbi-investigation-bribery-cash; Reuters, *Homan Has Trump's Full Support, White House Says, After Bribery Allegations*, (Sep. 22, 2025), https://www.reuters.com/world/us/white-house-says-border-czar-homan-never-took-50000-bribe-2025-09-22/; Diana Stancy and Brooke Singman, *White House Denies Homan Took Cash in FBI Sting, Slams Probe as 'Political,'* Fox News (Sep. 22, 2025), https://www.foxnews.com/politics/white-house-denies-homan-took-cash-fbi-sting-slams-probe-political; Perry Stein and Aaron Davis, *Trump officials Shut Down Bribery Probe of Border Czar Tom Homan*, The Washington Post (Sep. 21, 2025), https://www.washingtonpost.com/national-security/2025/09/21/trump-administration-bribery-probe-homan/; The Economist, *The President's Border Czar Was Caught in a Sting Operation*, (Sep. 25, 2025), https://www.economist.com/united-states/2025/09/25/the-presidents-border-czar-was-caught-in-a-sting-operation.

DFF-MULTI-DOJ-25-1305-1308

posing as business executives – win government contracts in a second Trump administration."[2] The investigation had come out of a larger counterintelligence investigation that had not specifically targeted Homan.[3] The government did not charge him at the time in order to see if he would grant the contracts once he was in office. However, the investigation stalled and was officially closed shortly after the new administration began this year. Reporting has indicated that then Acting Deputy Attorney General Emil Bove, was briefed on the matter and had told DOJ officials that he did not support the investigation.[4] Ultimately, according to a statement put out by Director Patel and Deputy Director Blanche, "a full review by FBI agents and Justice Department prosecutors" took place.[5] Reporting also noted that then Deputy Attorney General Emil Bove had been briefed on the subject

The above sampling of media reports clearly demonstrates that this issue has attracted widespread and exceptional media interest, highlighting the pressing need for expedited processing of DFF's related FOIA requests.

**B. There exist in these media reports questions about the government's integrity that affect public confidence.**

Moreover, the widespread media reporting on the government's handling of the Homan matter implicates multiple questions about the government's integrity, including whether:

1) The Trump administration is being truthful as to the reason the case was dropped given there is reporting on evidence that would contradict its stance on the matter and would tend to incriminate a senior White House official empowered to direct the nation's immigration policy.[6]

---

[2]Carol Leonnig and Ken Dilanian, *Tom Homan Was Investigated for Accepting $50,000 From Undercover FBI Agents. Trump's DOJ Shut It Down*, MSNBC (Sep. 20, 2025), https://www.msnbc.com/msnbc/news/tom-homan-cash-contracts-trump-doj-investigation-rcna232568.

[3]Devlin Barrett, Glenn Thrush, Alan Feuer, Maggie Haberman, and Hamed Aleaziz, *Trump Justice Dept. Closed Investigation Into Tom Homan for Accepting Bag of Cash*, The New York Times (Sep. 20, 2025), https://www.nytimes.com/2025/09/20/us/politics/tom-homan-fbi-trump.html

[4] Leonnig and Dilanian, *Id*.

[5]Barrett, Thrush, Feuer, Haberman, and Aleaziz, *Id*.

[6]Devlin Barrett, *White House Denies Homan Took Bag of Cash in F.B.I Inquiry*, The New York Times (Sep. 22, 2025), https://www.nytimes.com/2025/09/22/us/politics/homan-cash.html; Steve Benen, *As the Tom Homan Controversy intensifies, Why Doesn't the FBI Just Release the Tapes*? MSNBC (Sep. 23, 2025), https://www.msnbc.com/rachel-maddow-show/maddowblog/tom-homan-controversy-intensifies-doesnt-fbi-just-release-tapes-rcna233144;
Janna Brancolini, Leavitt Busted Telling Untruths About Homan's $50K Sting, The Daily Beast (Sep. 23, 2025), https://www.thedailybeast.com/karoline-leavitt-busted-telling-untruths-about-tom-homans-50k-sting/; Ray Brescia, *There are Two Different Rules of Law in Trump's America*, MSNBC (Sep. 24, 2025), https://www.msnbc.com/opinion/msnbc-opinion/tom-homan-investigation-trump-rule-of-law-rcna233270; Heather Cox Richardson, Letters from an American, Substack (Sep. 22, 2025), https://heathercoxrichardson.substack.com/p/september-22-2025; Malcolm Ferguson, *Tom Homan Accidentally Makes Crucial Admission on That $50K Cash Bribe*, The New Republic (Sep. 23, 2025), https://newrepublic.com/post/200788/tom-homan-50k-cash-bribe; Carol Leonnig, (@CarolLeonnig), X (Sep. 22,

2) The Trump administration's engagement in this matter presents conflicts of interest? There is concern that the administration is looking to shield an administration official from legal consequences as it actively goes after its own opponents, which raises concerns as to why the investigation was dropped.[7]

3) Most obviously, there are concerns in all reporting about a government official serving in such a senior position after potentially accepting money in exchange for using his potential future influence in government for private, rather than public, benefit.

The government's actions have plainly sparked concerns that affect the public's confidence in the government's handling of this matter because of questions above concerning the government's integrity have been posed in media reports mentioned in this expedition request. Members of Congress from both chambers have also raised concerns about the government's integrity on this matter.[8] Democrats on the House Judiciary Committee have sent a letter to the DOJ and the FBI

2025), https://x.com/CarolLeonnig/status/1970182940253466982; Joel Mathis, *Is Trump's Justice Department Giving Up on Corruption*, The Week (Sep. 24, 2025), https://theweek.com/politics/justice-department-corruption-trump-enemies; Charlie Nash, *Tom Homan Says He 'Did Nothing Criminal' — But Doesn't Deny Taking $50,000 in a Bag from an Undercover FBI Agent When Confronted On Fox*, MSN (Sep. 23, 2025), https://www.msn.com/en-us/crime/general/tom-homan-says-he-did-nothing-criminal-but-doesn-t-deny-taking-50-000-in-a-bag-from-an-undercover-fbi-agent-when-confronted-on-fox/ar-AA1N5M30?ocid=BingNewsSerp; The Associated Press, *White House Shifts Explanation on Tom Homan, U.S. Border Czar Accused of Taking $50,000 In a Paper Bag*, Canadian Broadcasting Corporation (Sep. 23, 2025), https://www.cbc.ca/news/world/us-homan-bribery-allegation-1.7640932.
[7]Barrett, Thrush, Feuer, Haberman, and Aleaziz, *Id*; Steve Benen, *Team Trump's Handling of the Tom Homan Bribery Probe Part of an Indefensible Pattern*, MSNBC (Sep. 22, 2025), https://www.msnbc.com/rachel-maddow-show/maddowblog/team-trumps-handling-tom-homan-bribery-probe-part-indefensible-pattern-rcna232998; Brescia, *Id*. Meg Kinnard, *Trump Pushes Bondi to Pursue Cases Against His Foes as He Ramps Up Retribution Campaign*, PBS News (Sep. 21, 2025), https://www.pbs.org/newshour/politics/trump-pushes-bondi-to-pursue-cases-against-his-foes-as-he-ramps-up-retribution-campaign; Leonnig and Dilanian, *Id*. Edith Olmsted, *Trump Plays Dumb About Bribery Accusations Against His Border Czar*, The New Republic (Sep. 22, 2025), https://newrepublic.com/post/200739/donald-trump-plays-dumb-tom-homan-bribery; Patricia Lopez, *Homan $50,000 Bribe Allegation Deserves a Thorough Probe*, Bloomberg (Sep. 24, 2025), https://www.bloomberg.com/opinion/articles/2025-09-24/homan-50-000-bribe-allegation-merits-a-full-congressional-inquiry; The Associated Press, *Id*; Josephine Walker, *Trump Allies Expend Political Enemies Probe despite Pledges: "No Politicization,"*Axios (Aug. 22, 2025), https://www.axios.com/2025/08/23/fbi-probes-trumps-political-enemies; Myah Ward, *White House Defends Border Czar in Wake of Closed DOJ Probe: Homan Did 'Nothing Wrong,'* Politico (Sep. 22, 2025), https://www.politico.com/news/2025/09/22/border-homan-white-house-defend-00575358.
[8]Michael Gold, *Democrats Open Inquiries Into Handling of Homan Investigation*, The New York Times (Sep. 23, 2025), https://www.nytimes.com/2025/09/23/us/politics/tom-homan-democrats-investigation.html; Mike Lillis and Rebecca Beitsch, *Dems Launch Probes Into Trump's Border Czar Amid Bribe Allegations*, The Hill (Sep. 24, 2025), https://thehill.com/homenews/5518431-house-democrats-tom-homan-investigation/; Jose Pagliery, *Judiciary Dems Demand That the FBI Turn Over Tapes From Quashed Tom Homan Bribery Investigation*, NOTUS (Sep. 23, 2025), https://www.notus.org/congress/judiciary-democrats-letter-tom-homan-investigation; David Smith, *Democrats Urge Trump Border Czar Investigation Over Bribery Allegation*, The Guardian (Sep. 22, 2025), https://www.theguardian.com/us-news/2025/sep/22/democrats-tom-homan-report; Tara Suter, *Democrats Demand*

DFF-MULTI-DOJ-25-1305-1308

demanding Attorney General Bondi and Director Patel provide records, materials, and communications relating to the matter.[9] In the Senate, Democrats on the Judiciary Committee sent letters to Bondi, Patel, and Deputy Director Blanche seeking information on the matter. All of the above highlights the considerable concerns about government integrity and that further scrutiny is expected.

## II.    Conclusion

In sum, the release of federal records related to this matter are of critical importance. The American public desires to know more about the matter and the Administration's actions regarding it. Especially if it has deliberately attempted to mislead the American public. Given the compelling need for disclosing such information, Democracy Forward Foundation seeks expedited processing for our requests submitted on September 23, 2025.

I certify to the best of my knowledge and belief that the above is accurate and expedited processing is warranted in this matter.

Sincerely,

*/s/ Skye Perryman*
President and CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

---

*Answers on Homan Bribery Investigation*, The Hill (Sep. 22, 2025), https://thehill.com/homenews/senate/5515952-trump-border-czar-probe-outrage/; WLIW-FM, *House Dems call on Rep. Garbarino to Force Tom Homan to Testify*, (Sep. 23, 2025), https://www.wliw.org/radio/captivate-podcast/house-dems-call-on-rep-garbarino-to-force-tom-homan-to-testify/.
[9]House Committee on the Judiciary Democrats, *Judiciary Democrats Demand DOJ, FBI Release Recordings of Tom Homan Receiving $50,000 Cash Bribe,* (Sep. 23, 2025), https://democrats-judiciary.house.gov/media-center/press-releases/judiciary-democrats-demand-doj-fbi-release-recordings-of-tom-homan-receiving-50000-cash-bribe.

DFF-MULTI-DOJ-25-1305-1308

# Appendix 1
# Submitted Requests

DFF-MULTI-DOJ-25-1305-1308

# DEMOCRACY FORWARD ▶

September 22, 2025

**VIA Electronic Delivery**

Department of Justice
Criminal Division
950 Constitution Ave NW
Washington, DC 20530-0001
Via online portal

Department of Justice
Office of Information Policy
Andrew Fiorillo, Acting Chief
441 G St, NW, 6th Floor
Washington, DC 20530
Via online portal

Department of Justice
Executive Office for United States
Attorneys
Arla Witte-Simpson, FOIA Public Liaison
175 N Street, NE, Suite 5.400
Washington, DC 20530
Via online portal

Federal Bureau of Investigation
Attn: Initial Processing Operations Unit
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602
Via online portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Democracy Forward Foundation submits this request for records.

The Department of Justice ("DOJ") and the Federal Bureau of Investigations ("FBI") has recently officially acknowledged that it closed an investigation into "Border Czar" Tom Homan, which was launched in the summer of 2024, that looked into allegations that Homan was soliciting payments in exchange for potential action in the future if President Trump won the 2024 election and appointed Homan to serve in his administration.[1] Democracy Forward Foundation seeks one specific record created during the investigation: a video recording of an exchange between FBI agents and Horman in 2024. The requested record is not exempt from production, as the administration has acknowledged the existence of the investigation itself and has noted that it is now closed.

---

[1] Katherine Faulders, Mike Levine, Luke Barr, and Alexander Mallin, *DOJ Ended Probe of 'Border Czar' Tom Homan for Allegedly Acception $50K in FBI Sting: Sources*, ABC News (Sep. 21, 2025), https://abcnews.go.com/Politics/doj-ended-probe-border-czar-tom-homan-allegedly/story?id=125781386; Carol Leonnig and Ken Dilanian, *Tom Homan Was Investigated for Accepting $50,000 From Undercover FBI Agents. Trump's DOJ Shut It Down*, MSNBC (Sep. 20, 2025), https://www.msnbc.com/msnbc/news/tom-homan-cash-contracts-trump-doj-investigation-rcna232568.

DFF-MULTI-DOJ-25-1305-1307

## Records Requested

Democracy Forward Foundation ("DFF") requests that the Department of Justice ("DOJ") produce the following within twenty (20) business days:

> Any recording (either video or audio) of the meeting on or around September 20, 2024 in Texas between undercover FBI agents and Tom Homan.[2]

Public reporting makes clear that there are investigation files related to the Homan matter, and these are appropriate locations to search for responsive records. Additionally, reporting indicates that Justice Department leadership, including former acting Deputy Attorney General Emil Bove, were briefed on the Homan investigation in the early days of this administration.

Democracy Forward Foundation expects this request for one readily identifiable record regarding a high-profile matter will be assigned to the Simple processing track and processed expeditiously.

The timeframe for the above search should be for records created from September 1, 2024 until the date of the search. However, despite this long time frame, the responsive records have likely been reviewed since January 20, 2025.

## Scope of Search

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated. *See* 5 U.S.C. § 552(b). Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

---

[2] Leonnig and Dilanian, *Id*; Ben Johansen, *Border Czar Tom Homan Was Investigated By DOJ For Potential Bribery, MSNBC Reports*, Politico (Sep. 20, 2025), https://www.politico.com/news/2025/09/20/tom-homan-department-of-justice-investigation-00574379; Maya Yang and Robert Mackey, *Trump 'Border Czar' Tom Homan Reportedly Accepted $50,000 in Cash From Undercover FBI Agents*, The Guardian (Sep. 20, 2025), https://www.theguardian.com/us-news/2025/sep/20/tom-homan-undercover-fbi-agents.

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the appropriate entity.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format. However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i). If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. § 552(a)(4)(A)(viii)(I).

**Request for Fee Waiver**

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, DFF requests a waiver of all fees associated with processing records for this request. FOIA requires documents to be furnished to requesters at no fee or reduced fees "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A).

In determining whether a fee waiver is appropriate, courts consider whether a requester has a "demonstrated . . . ability to disseminate the requested information," *Cause of Action v. F.T.C.*, 799 F.3d 1108, 1116-17 (D.C. Cir. 2015), and whether the requester regularly disseminates records obtained through FOIA to "a reasonably broad audience of persons interested in the subject" of its work. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814-15 (2d Cir. 1994). FOIA does not require a requester to describe exactly how it intends to disseminate the information requested, as that would require "pointless specificity"; all that is necessary is for a requester to adequately demonstrate its "ability to publicize disclosed information." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003). In evaluating a fee waiver request, courts consider how a requester actually communicates information collected through FOIA to the public, including press releases or a website where documents received are made available, *see id.*, or whether the requester has a history of "contacts with any major news[] companies" that suggest an ability to disseminate materials of interest through the press. *Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (upholding a denial of a fee waiver to a requester who had failed to identify his relationships with newspaper companies that could disseminate documents).

The requested waiver is in the public interest because providing the copy of the information sought primarily benefits the general public. Democracy Forward Foundation has a demonstrated ability to disseminate information of public interest requested through freedom of information statutes, and based upon responses to this request may assist in publicizing records received to contribute to the public's understanding of the closed case against "Border Czar" Tom Homan and his acceptance of bribes relating to his potential role in the Trump administration pending the results of the election. The records sought will also show the extent of an agency official taking funds in order to potentially direct government contracts to specific groups. Indeed, records received by Democracy Forward Foundation have previously formed the basis of news reports.[3]

---

[3] *See*, *e.g.*, Alexander Nazaryan, *Why did right-wing troll Charles C. Johnson meet with Commerce Secretary Wilbur Ross?*, Yahoo News (May 14, 2019), https://news.yahoo.com/why-did-rightwing-troll-charles-c-johnson-want-to-meet-with-commerce-secretary-wilbur-ross-090000636.html; Derek Kravitz and Jack Gillum, *"Happy to Do It": Emails Show Current FAA Chief Coordinated With Ex-Lobbyist Colleagues on Policy*, ProPublica (Mar. 27, 2019), https://www.propublica.org/article/dan-elwell-current-faa-chief-coordinated-with-ex-lobbyist-colleagues-on-policy; Hamid Aleaziz, *Emails Show US Border Officials Didn't Receive "Zero Tolerance" Guidance Until After the Policy Was Enacted*, Buzzfeed News (Feb. 28, 2019), https://www.buzzfeednews.com/article/hamedaleaziz/zero-tolerance-policy-guidance-dhs-family-separation; Jonathan Cohn and Jeffrey Young, *Emails Show Trump Administration Was Told Obamacare Ad Cuts Could Hurt Enrollment*, Huffpost (Dec. 17, 2018), https://www.huffingtonpost.com/entry/trump-verma-obamacare-advertising-cut_us_5c115061e4b084b082ff8dba; Madison Pauly, *When the Biggest Prison Company Complained About a California Sanctuary Law, ICE Listened*, Mother Jones (Dec. 7, 2018), https://www.motherjones.com/politics/2018/12/geo-memo-private-prison-california-immigration/; Eliza Rellman, *'Just answer the question and kill this story': In internal emails, Heather Nauert criticized Rex Tillerson's refusal to deny reports that he called Trump a 'moron,'* Business Insider (Nov. 2, 2018), https://www.businessinsider.com/heather-nauert-rex-tillerson-trump-moron-2018-11; Rebecca Klein, *Lawsuit Accuses Betsy DeVos And Her Deputies Of Being Motivated By Sexism*, HuffPost (Oct. 31, 2018), https://m.huffpost.com/us/entry/us_5bd9ff6ee4b01abe6a1ad4a9; Nick Penzenstadler, *A year after Vegas shooting, ATF emails reveal blame, alarm over bump stocks*, USA Today (Oct. 1, 2018), https://www.usatoday.com/story/news/2018/10/01/year-after-vegas-shooting-atf-emails-reveal-blame-alarm-over-bump-stocks/1432137002/; Jessica Kwong, *Ivanka Trump was more than complicit in Obama equal pay rollback-she had a hand in it, watchdog alleges*, Newsweek (Aug. 29, 2018), https://www.newsweek.com/ivanka-trump-equal-pay-complicit-obama-1093833; Vera Bergengruen, *New Emails Show What Happens When The Pentagon Has To Scramble To Catch Up To Trump*, Buzzfeed News (July 25, 2018), https://www.buzzfeednews.com/article/verabergengruen/these-emails-show-what-happens-when-the-white-house-keeps; Erin Dooley, *Exclusive: Former for-profit college executive shaped Education Department policy that could benefit former employers: Documents*, ABC News (May 15, 2017), https://abcnews.go.com/US/exclusive-profit-college-executive-shaped-education-department-policy/story?id=55108981; Heidi Przybyla, *Notes, emails reveal Trump appointees' war to end HHS teen pregnancy program*, NBC News (Mar. 20, 2018), https://www.nbcnews.com/politics/politics-news/notes-emails-reveal-trump-appointees-war-end-hhs-teen-pregnancy-n857686; Dominic Holden, *Documents Show The Trump Administration Approved Bump Stocks Before It Opposed Them*, Buzzfeed News (Mar. 22, 2018), https://www.buzzfeednews.com/article/dominicholden/trump-administration-bump-stocks; Bernard Condon, *Trump Advisor Denies He Cheered End of Tunnel Funding Deal*, Associated Press (Feb. 13, 2018), *available at* https://www.usnews.com/news/business/articles/2018-02-13/trump-adviser-denies-he-cheered-end-of-tunnel-funding-deal; Celeste Katz, *Interior Department tapped wildfire preparedness funds for Ryan Zinke helicopter tour*, Newsweek (Dec. 29, 2017), https://www.newsweek.com/ryan-zinke-interior-department-helicopters-wildfires-757857.

Democracy Forward Foundation is not filing this request to further any commercial interest, and any information obtained by Democracy Forward Foundation as a result of this request and disclosed will be disclosed at no cost.

If the request for a waiver is denied, we are willing to pay all reasonable fees incurred for searching and duplicating records in responding to this request, up to $50. If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

### *Conclusion*

If you need clarification as to the scope of the request, have any questions, or foresee any obstacles to releasing fully the requested records within 20 business days, please contact me as soon as possible at foia@democracyforward.org.

We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043



September 22, 2025

**VIA Electronic Delivery**

Department of Justice
Criminal Division
950 Constitution Ave NW
Washington, DC 20530-0001
Via online portal

Department of Justice
Office of Information Policy
Andrew Fiorillo, Acting Chief
441 G St, NW, 6th Floor
Washington, DC 20530
Via online portal

Department of Justice
Executive Office for United States
Attorneys
Arla Witte-Simpson, FOIA Public Liaison
175 N Street, NE, Suite 5.400
Washington, DC 20530
Via online portal

Federal Bureau of Investigation
Attn: Initial Processing Operations Unit
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602
Via online portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Democracy Forward Foundation submits this request for records.

The Department of Justice ("DOJ") and the Federal Bureau of Investigations ("FBI") has recently officially acknowledged that it closed an investigation into "Border Czar" Tom Homan, which was launched in the summer of 2024, that looked into allegations that Homan was soliciting payments in exchange for potential action in the future if President Trump won the 2024 election and appointed Homan to serve in his administration.[1] Democracy Forward Foundation seeks one specific record created during the investigation: a video recording of an exchange between FBI agents and Horman in 2024. The requested record is not exempt from production, as the administration has acknowledged the existence of the investigation itself and has noted that it is now closed.

---

[1] Katherine Faulders, Mike Levine, Luke Barr, and Alexander Mallin, *DOJ Ended Probe of 'Border Czar' Tom Homan for Allegedly Acception $50K in FBI Sting: Sources*, ABC News (Sep. 21, 2025), https://abcnews.go.com/Politics/doj-ended-probe-border-czar-tom-homan-allegedly/story?id=125781386; Carol Leonnig and Ken Dilanian, *Tom Homan Was Investigated for Accepting $50,000 From Undercover FBI Agents. Trump's DOJ Shut It Down*, MSNBC (Sep. 20, 2025), https://www.msnbc.com/msnbc/news/tom-homan-cash-contracts-trump-doj-investigation-rcna232568.

DFF-DOJ-FBI-25-1308

*Records Requested*

Democracy Forward Foundation ("DFF") requests that the the Federal Bureau of Investigations ("FBI") produce the following within twenty (20) business days:

> Any recording (either video or audio) of the meeting on or around September 20, 2024 in Texas between undercover FBI agents and Tom Homan.[2]

Public reporting makes clear that there are investigation files related to the Homan matter, and these are appropriate locations to search for responsive records. Additionally, reporting indicates that Justice Department leadership, including former acting Deputy Attorney General Emil Bove, were briefed on the Homan investigation in the early days of this administration.

Democracy Forward Foundation expects this request for one readily identifiable record regarding a high-profile matter will be assigned to the Simple processing track and processed expeditiously.

The timeframe for the above search should be for records created from September 1, 2024 until the date of the search. However, despite this long time frame, the responsive records have likely been reviewed since January 20, 2025.

*Scope of Search*

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated. *See* 5 U.S.C. § 552(b). Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

---

[2] Leonnig and Dilanian, *Id*; Ben Johansen, *Border Czar Tom Homan Was Investigated By DOJ For Potential Bribery, MSNBC Reports*, Politico (Sep. 20, 2025), https://www.politico.com/news/2025/09/20/tom-homan-department-of-justice-investigation-00574379; Maya Yang and Robert Mackey, *Trump 'Border Czar' Tom Homan Reportedly Accepted $50,000 in Cash From Undercover FBI Agents*, The Guardian (Sep. 20, 2025), https://www.theguardian.com/us-news/2025/sep/20/tom-homan-undercover-fbi-agents.

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the appropriate entity.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format. However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i). If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. § 552(a)(4)(A)(viii)(I).

**Request for Fee Waiver**

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, DFF requests a waiver of all fees associated with processing records for this request. FOIA requires documents to be furnished to requesters at no fee or reduced fees "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A).

In determining whether a fee waiver is appropriate, courts consider whether a requester has a "demonstrated . . . ability to disseminate the requested information," *Cause of Action v. F.T.C.*, 799 F.3d 1108, 1116-17 (D.C. Cir. 2015), and whether the requester regularly disseminates records obtained through FOIA to "a reasonably broad audience of persons interested in the subject" of its work. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814-15 (2d Cir. 1994). FOIA does not require a requester to describe exactly how it intends to disseminate the information requested, as that would require "pointless specificity"; all that is necessary is for a requester to adequately demonstrate its "ability to publicize disclosed information." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003). In evaluating a fee waiver request, courts consider how a requester actually communicates information collected through FOIA to the public, including press releases or a website where documents received are made available, *see id.*, or whether the requester has a history of "contacts with any major news[] companies" that suggest an ability to disseminate materials of interest through the press. *Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (upholding a denial of a fee waiver to a requester who had failed to identify his relationships with newspaper companies that could disseminate documents).

DFF-DOJ-FBI-25-1308

The requested waiver is in the public interest because providing the copy of the information sought primarily benefits the general public. Democracy Forward Foundation has a demonstrated ability to disseminate information of public interest requested through freedom of information statutes, and based upon responses to this request may assist in publicizing records received to contribute to the public's understanding of the closed case against "Border Czar" Tom Homan and his acceptance of bribes relating to his potential role in the Trump administration pending the results of the election. The records sought will also show the extent of an agency official taking funds in order to potentially direct government contracts to specific groups. Indeed, records received by Democracy Forward Foundation have previously formed the basis of news reports.[3]

---

[3] *See*, *e.g.*, Alexander Nazaryan, *Why did right-wing troll Charles C. Johnson meet with Commerce Secretary Wilbur Ross?*, Yahoo News (May 14, 2019), https://news.yahoo.com/why-did-rightwing-troll-charles-c-johnson-want-to-meet-with-commerce-secretary-wilbur-ross-090000636.html; Derek Kravitz and Jack Gillum, *"Happy to Do It": Emails Show Current FAA Chief Coordinated With Ex-Lobbyist Colleagues on Policy*, ProPublica (Mar. 27, 2019), https://www.propublica.org/article/dan-elwell-current-faa-chief-coordinated-with-ex-lobbyist-colleagues-on-policy; Hamid Aleaziz, *Emails Show US Border Officials Didn't Receive "Zero Tolerance" Guidance Until After the Policy Was Enacted*, Buzzfeed News (Feb. 28, 2019), https://www.buzzfeednews.com/article/hamedaleaziz/zero-tolerance-policy-guidance-dhs-family-separation; Jonathan Cohn and Jeffrey Young, *Emails Show Trump Administration Was Told Obamacare Ad Cuts Could Hurt Enrollment*, Huffpost (Dec. 17, 2018), https://www.huffingtonpost.com/entry/trump-verma-obamacare-advertising-cut_us_5c115061e4b084b082ff8dba; Madison Pauly, *When the Biggest Prison Company Complained About a California Sanctuary Law, ICE Listened*, Mother Jones (Dec. 7, 2018), https://www.motherjones.com/politics/2018/12/geo-memo-private-prison-california-immigration/; Eliza Rellman, *'Just answer the question and kill this story': In internal emails, Heather Nauert criticized Rex Tillerson's refusal to deny reports that he called Trump a 'moron,'* Business Insider (Nov. 2, 2018), https://www.businessinsider.com/heather-nauert-rex-tillerson-trump-moron-2018-11; Rebecca Klein, *Lawsuit Accuses Betsy DeVos And Her Deputies Of Being Motivated By Sexism*, HuffPost (Oct. 31, 2018), https://m.huffpost.com/us/entry/us_5bd9ff6ee4b01abe6a1ad4a9; Nick Penzenstadler, *A year after Vegas shooting, ATF emails reveal blame, alarm over bump stocks*, USA Today (Oct. 1, 2018), https://www.usatoday.com/story/news/2018/10/01/year-after-vegas-shooting-atf-emails-reveal-blame-alarm-over-bump-stocks/1432137002/; Jessica Kwong, *Ivanka Trump was more than complicit in Obama equal pay rollback-she had a hand in it, watchdog alleges*, Newsweek (Aug. 29, 2018), https://www.newsweek.com/ivanka-trump-equal-pay-complicit-obama-1093833; Vera Bergengruen, *New Emails Show What Happens When The Pentagon Has To Scramble To Catch Up To Trump*, Buzzfeed News (July 25, 2018), https://www.buzzfeednews.com/article/verabergengruen/these-emails-show-what-happens-when-the-white-house-keeps; Erin Dooley, *Exclusive: Former for-profit college executive shaped Education Department policy that could benefit former employers: Documents*, ABC News (May 15, 2017), https://abcnews.go.com/US/exclusive-profit-college-executive-shaped-education-department-policy/story?id=55108981; Heidi Przybyla, *Notes, emails reveal Trump appointees' war to end HHS teen pregnancy program*, NBC News (Mar. 20, 2018), https://www.nbcnews.com/politics/politics-news/notes-emails-reveal-trump-appointees-war-end-hhs-teen-pregnancy-n857686; Dominic Holden, *Documents Show The Trump Administration Approved Bump Stocks Before It Opposed Them*, Buzzfeed News (Mar. 22, 2018), https://www.buzzfeednews.com/article/dominicholden/trump-administration-bump-stocks; Bernard Condon, *Trump Advisor Denies He Cheered End of Tunnel Funding Deal*, Associated Press (Feb. 13, 2018), *available at* https://www.usnews.com/news/business/articles/2018-02-13/trump-adviser-denies-he-cheered-end-of-tunnel-funding-deal; Celeste Katz, *Interior Department tapped wildfire preparedness funds for Ryan Zinke helicopter tour*, Newsweek (Dec. 29, 2017), https://www.newsweek.com/ryan-zinke-interior-department-helicopters-wildfires-757857.

Democracy Forward Foundation is not filing this request to further any commercial interest, and any information obtained by Democracy Forward Foundation as a result of this request and disclosed will be disclosed at no cost.

If the request for a waiver is denied, we are willing to pay all reasonable fees incurred for searching and duplicating records in responding to this request, up to $50. If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

### *Conclusion*

If you need clarification as to the scope of the request, have any questions, or foresee any obstacles to releasing fully the requested records within 20 business days, please contact me as soon as possible at foia@democracyforward.org.

We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

DFF-DOJ-FBI-25-1308

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,

*PLAINTIFF*,

V.

CIVIL ACTION NO. 1:25-CV-3559 (TJK)

UNITED STATES DEPARTMENT OF JUSTICE
AND FEDERAL BUREAU OF INVESTIGATION,

*DEFENDANTS*.

# **EXHIBIT D**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 30, 2025

MS. SKYE PERRYMAN
DEMOCRACY FORWARD FOUNDATION
POST OFFICE BOX 34553
WASHINGTON, DC 20043

FOIPA Request No.: 1684286-000
Subject: HOMAN, TOM
(AUDIO/VIDEO RECORDINGS ON OR
AROUND SEPTEMBER 20, 2024)

Dear Ms. Perryman:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes. Please read each one carefully.

☑ Your request has been received at FBI Headquarters for processing.

☑ You submitted your request via the FBI's eFOIPA system.

    ☑ Future correspondence about your FOIPA request will be provided in an email link unless the record file type is not supported by the eFOIPA system.

    ☐ Correspondence for requests containing audio, video, or high-resolution photographs cannot be sent through the eFOIPA system. Future correspondence about your FOIPA request will be delivered through standard mail.

☐ The subject of your request is currently being processed and documents subject to the FOIPA will be released to you upon completion.

☐ Release of responsive records subject to the FOIPA will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☑ Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable. If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑ For the purpose of assessing any fees, we have determined:

    ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☑ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☐ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.vault.fbi.gov by clicking on "Check Status of your FOI/PA Request." Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed, the notice will indicate that appropriate correspondence has been mailed to the address on file.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the FBI's determination in response to this request, you may proceed under any or all of the following options:

- You may seek dispute resolution services through the FBI directly by emailing our FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

- You may contact the Office of Government Information Services (OGIS), who serves as the federal FOIA Ombudsman. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

- You may file an administrative appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. **Pursuant to 28 C.F.R. § 16.8(a), your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.** If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please reference the FOIPA Request Number listed above in your correspondence so it may be easily identified. If possible, please provide a copy of your original request and this response letter with your appeal.

Note: Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP.

Sincerely,

Amie M. Napier
Section Chief
Record/Information Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,

*PLAINTIFF*,

V.

UNITED STATES DEPARTMENT OF JUSTICE
AND FEDERAL BUREAU OF INVESTIGATION,

*DEFENDANTS.*

CIVIL ACTION NO. 1:25-CV-3559 (TJK)

# EXHIBIT E

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

December 2, 2025

MS. SKYE PERRYMAN
c/o ROBIN THURSTON, ESQUIRE
DEMOCRACY FORWARD FOUNDATION
POST OFFICE BOX 34553
WASHINGTON, DC 20043

Request No.: 1684286-000
Subject: HOMAN, TOM
(AUDIO/VIDEO RECORDINGS ON OR
AROUND SEPTEMBER 20, 2024)

*Democracy Forward Foundation v. U.S.
Department of Justice, et al.*
Civil Action No.: 25-cv-3559

Dear Ms. Perryman:

This is in response to your Freedom of Information Act (FOIA) request to the FBI. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

You have requested records on one or more third party individuals. Please be advised that you have not sufficiently demonstrated that the public's interest in disclosure (relating to the operations and activities of the government) outweigh the personal privacy interests of these individual(s). The FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is our standard response to such requests and should not be taken to mean that records do, or do not, exist. As a result, your request is closed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third-party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

If you submitted your request through the FBI's eFOIPA portal and you are receiving correspondence through standard mail, it was determined your request did not meet the eFOIPA terms of service.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the FBI's determination in response to this request, you may proceed under any or all of the following options:

- You may seek dispute resolution services through the FBI directly by emailing our FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

- You may contact the Office of Government Information Services (OGIS), who serves as the federal FOIA Ombudsman. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

- You may file an administrative appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. **Pursuant to 28 C.F.R. § 16.8(a), your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.** If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please reference the FOIPA Request Number listed above in your correspondence so it may be easily identified. If possible, please provide a copy of your original request and this response letter with your appeal.

Note: Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP.

Sincerely,

Amie M. Napier
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**. To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records or administrative records of previous FOIPA requests.

   a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
   b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ